UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEMAN HARRIS,

        Petitioner,         Case Number: 5:10-CV-10351

v.        HON. JOHN CORBETT O'MEARA

THOMAS K. BELL,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

Michigan state prisoner Leman Harris has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who is presently incarcerated at the Gus Harrison Correctional Facility, in Adrian, Michigan, challenges his convictions for felon in possession of a firearm and felony firearm. Respondent argues that the claims should be denied because they are without merit, procedurally defaulted, and/or not cognizable on federal habeas review. For the reasons discussed, the Court denies the petition and denies a certificate of appealability.

### I. Facts

Petitioner's convictions arise from a domestic disturbance at his home in Detroit on December 17, 2006. City of Detroit Police Officer Michael Bastianelli testified that, at approximately 2:00 a.m., on that date, he and his partner, Robert Mydloski, responded to a radio call of a family dispute involving a weapon. When they arrived at the home,

they spoke to the woman who made the 911 call, Cynthia Simon. Simon informed Officer Bastianelli that she and Petitioner argued over his dinner. Petitioner had been drinking and smoking marijuana. Petitioner pulled out a shotgun, loaded it, and threatened to kill Simon. Simon appeared to be upset. Based upon Simon's account of what transpired, Officer Bastianelli took Petitioner into custody and seized the shotgun, which was located under Simon's bed.

Simon testified that she and Petitioner have lived together for nineteen years. She stated that she loved him and did not want to testify at his trial. She testified that Petitioner returned home drunk on the night of the police call. She and Petitioner argued, but he eventually calmed down. A little later in the evening, he came into the bedroom where she had been sleeping. He retrieved a shotgun from the closet and was "fooling around with it." She testified that Petitioner did not threaten her with the gun and denied reporting to the police that he had done so. She testified that she called the police because he was intoxicated and had a gun, not because he threatened her.

Petitioner testified that he had been drinking the night of the incident. He admitted he had a shotgun, but denied loading it. He also denied threatening Simon.

## II. Procedural History

Following a jury trial in Wayne County Circuit Court, Petitioner was convicted of felon in possession of a firearm and felony firearm. He was acquitted of an additional charge of felonious assault. On March 29, 2007, he was sentenced to two years in prison for the felony-firearm conviction, to be served consecutively to 28 months to seven and a

half years in prison for the felon-in-possession conviction.

Petitioner filed a motion for new trial on the ground that the prosecutor committed misconduct. The trial court denied the motion. Petitioner then filed an application for leave to appeal in the Michigan Court of Appeals. He raised these claims:

> I. Mr. Harris was deprived of his Ams. V and XIV rights of due process and his VI right to effective assistance of counsel when counsel failed to attempt to exclude the charge of evidence of defendant's status as a conviction felon, notwithstanding the charged crime. Counsel was further ineffective when she failed to raise the issues noted below.
>
> II. Mr. Harris was deprived of his Ams. V and XIV rights of due process and his Am. VI right to a fair trial when the prosecutor employed a community safety argument.
>
> III. Mr. Harris was deprived of his Am. VI right to a fair trial and his Ams. V and XIV rights of due process when he was assessed attorneys fees and costs.

The Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented. *People v. Harris*, No. 281537.

Petitioner then filed an application for leave to appeal in the Michigan Supreme Court. He raised the same claims raised in the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v. Harris*, No. 136566 (Mich. Oct. 26, 2009).

Petitioner then filed the pending petition for a writ of habeas corpus. He raises the same claims raised on direct review in state court.

### III. Legal Standard

Petitioner's claims are reviewed against the standards established by the

Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA).  The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (*quoting Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)).  "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case."  *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (*quoting Williams*, 529 U.S. at 413).  However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's

4

decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 789 (2011), *quoting Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87 (internal quotation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). "[W]hile the principles of "clearly established law" are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal

courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007), *citing Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

## IV. Discussion

### A. Alleged Ineffective Assistance of Counsel

In his first habeas claim, Petitioner argues that he was denied his right to the effective assistance of counsel. Specifically, Petitioner argues counsel was ineffective in failing to move to sever the count of felon in possession from the felony firearm counts. He further argues that counsel was ineffective in failing to object to prosecutorial misconduct.

The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), governs claims of ineffective assistance of counsel. *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005). To show a violation of the Sixth Amendment right to effective assistance of counsel, a petitioner must establish that his attorney's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. An attorney's performance is deficient if "counsel's representation fell below an objective

standard of reasonableness." *Id.* at 688. The defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003).

An attorney's deficient performance is prejudicial if "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. The petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Unless the petitioner demonstrates both deficient performance and prejudice, "it cannot be said that the conviction [or sentence] resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* at 687.

"Surmounting *Strickland's* high bar is never an easy task." *Padilla v. Kentucky*, __ U.S. __, 130 S. Ct. 1473, 1485 (2010).

> [T]he *Strickland* standard must be applied with scrupulous care, lest 'intrusive post-trial inquiry' threaten the integrity of the very adversary process the right to counsel is meant to serve. *Strickland*, 466 U.S. at 689-90. Even under *de novo* review, the standard for judging counsel's representation is a most deferential one. Unlike a later reviewing court, the

> attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge. . . . The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom. *Strickland*, 466 U.S. at 690.
>
> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by Strickland and § 2254(d) are both "highly deferential," *id*., at 689, 104 S.Ct. 2052; *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is "doubly" so, *Knowles*, 556 U.S., at ___, 129 S.Ct. at 1420. The Strickland standard is a general one, so the range of reasonable applications is substantial. 556 U.S., at ___, 129 S.Ct. at 1420. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.

*Richter*, __ U.S. __, 131 S. Ct. at 788.

The Michigan Court of Appeals denied leave to appeal for "lack of merit in the grounds presented." *People v. Harris*, No. 281537 (Mich. Ct. App. Apr. 24, 2008). "Determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning." *Richter*, __ U.S. at __, 131 S. Ct. at 784. Where the state court fails to provide an explanation for its decision, "the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Id.*

First, Petitioner argues that his attorney was ineffective in failing to move to sever

the count of felon in possession from the felony-firearm count.  The Michigan Court of Appeals has held that severance of a felon-in-possession charge from the remaining charges is inappropriate where the felon-in-possession charge arose from the same conduct as the other charges.  *People v. Armstrong*, No. 276599, 2008 WL 4603585, *3-4 (Mich. Ct. App. Oct. 16, 2008).  In this case, the felon-in-possession charge clearly arose form the same conduct as the remaining charges.  Therefore, a motion to sever likely would have been futile and counsel was not ineffective for failing to make a futile motion.  Moreover, defense counsel stipulated to the prior felony for the purpose of the felon-in-possession charge.  Therefore, evidence regarding the nature of the prior felony was not presented.

Second, Petitioner argues that counsel was ineffective in failing to object to the prosecutor's misconduct in appealing to the jurors' civic duty to convict.  As discussed bleow, the prosecutor's closing argument was not improper.  Therefore, counsel was not ineffective in failing to object.

### B.  Prosecutorial Misconduct Claim

Petitioner next argues that his right to a fair trial was violated by the prosecutor's misconduct.  Specifically, he argues that the prosecutor improperly employed a community safety argument in closing argument.

Respondent argues that Petitioner's prosecutorial misconduct claim is procedurally defaulted.  "[F]ederal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits."  *Hudson v. Jones*, 351 F.3d 212, 215 (6th

Cir. 2003), *citing Lambrix v. Singletary*, 520 U.S. 518, 525 (1997). "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525. In this case, the Court finds that the interests of judicial economy are best served by addressing the merits of Petitioner's prosecutorial misconduct claim.

"Prosecutorial misconduct may warrant habeas relief only if the relevant misstatements were so egregious as to render the entire trial fundamentally unfair to a degree tantamount to a due process deprivation." *Caldwell v. Russell*, 181 F.3d 731, 736 (6th Cir. 1999). The determination whether the trial was fundamentally unfair is "made by evaluating the totality of the circumstances." *Angel v. Overberg*, 682 F.2d 605 (6th Cir. 1982). The Court must examine "'the fairness of the trial, not the culpability of the prosecutor.'" *Pritchett v. Pitcher*, 117 F.3d 959, 964 (6th Cir. 1997), (*quoting Serra v. Michigan Department of Corrections*, 4 F.3d 1348, 1355 (6th Cir. 1993)). The Court must first consider whether the prosecutor's conduct and remarks were improper, and, if so, consider the following four factors to determine " whether the impropriety was flagrant" and thus warrants habeas relief:

> (1) whether the conduct and remarks of the prosecutor tended to mislead the jury or prejudice the defendant; (2) whether the conduct or remarks were isolated or extensive; (3) whether the remarks were deliberately or accidentally made; and (4) whether the evidence against the defendant was strong.

*Girts v. Yanai*, 501 F.3d 743, 758-59 (6th Cir. 2007) (internal quotations omitted).

>Petitioner objects to the following portion of the prosecutor's closing argument:
>
>Count 1 [felonious assault] is the only one in dispute. That's up to you. You heard the testimony. You can see what is going on here. I think you can see what is going on with Miss Simon. She is standing by her man.
>
>There comes a time when the good [of mankind] outweighs the good of the one. Some might [s]ay when it comes to domestic violence situations, you know what, if that's how she wants to handle it, that's her business. With all due respect, people with that opinion I disagree with.
>
>It becomes all out problem. Because sooner or later worse things can happen. And it becomes a duty to stop that. Even when she may not want to go through it, and see bad things happen to her man. It becomes our responsibility, as a community, to say: look, we're noticing you doing this; stop it. We know you are doing this. Stop it. Because we don't want to deal with what comes down the line.
>
>So you heard the testimony. You heard her prior statements. And you heard about this defendant's particular past with that victim. What do you know and how do you know it?

Tr., 3/15/07, at 86-87.

"'Unless calculated to incite the passions and prejudices of the jurors, appeals to the jury to act as the community conscience are not per se impermissible.'" *Byrd v. Collins*, 209 F.3d 486, 539 (6th Cir.2000) (quoting *United States v. Solivan*, 937 F.2d 1146, 1151 (6th Cir.1991)). A prosecutor does not overstep by appealing to the jurors' sense of justice. *Bedford v. Collins*, 567 F.3d 225, 234 (6th Cir. 2009). The prosecutor's language was not inflammatory nor does it appear intended to incite passions or prejudices. Instead, it appears intended to explain to the jury that the victim's reluctance to support the prosecution should not impact the deliberations. Further, the trial court instructed the jury to base their decision only on the evidence and the law, not on their

11

sympathies or prejudices. *See Cameron v. Pitcher*, 2001 WL 85893, *10 (E.D. Mich. Jan. 4, 2001) (holding that jury instruction advising jurors they were required to decide facts on basis of properly admitted evidence mitigated prosecutor's civic duty argument). The Court finds that the Michigan Court of Appeals' decision that the prosecutor's argument was not improper was neither contrary to or an unreasonable application of clearly established federal law.

### C. Assessment of Attorney Fees

Finally, Petitioner argues that he was denied his right to a fair trial and due process when he was assessed attorney fees in the amount of $700.

Michigan courts find authority for charging criminal defendants with reimbursement of attorneys' fees in Michigan Court Rule 6.005(C) which provides that:

> If a defendant is able to pay a part of the cost of a lawyer, the court may require contribution to the cost of providing a lawyer and may establish a plan for collecting the contribution.

M.C.R. 6.005(C); *see also People v. Nowicki*, 213 Mich. App. 383 (1995). Under Michigan law, an attorney fee reimbursement obligation may not be imposed upon an acquitted defendant. Mich. Comp. Laws § 768.34.

The Supreme Court has held that a state may constitutionally require a person convicted of a criminal offense to repay the State the costs of providing him with counsel. *Fuller v. Oregon*, 417 U.S. 90 (1974). "The fact that an indigent who accepts state-appointed legal representation knows that he might someday be required to repay the costs of those services in no way affects his eligibility to obtain counsel." *Id.* at 53. In

addition, the Supreme Court noted that the statute at issue in *Fuller* was narrowly tailored only to impose reimbursement obligations upon defendants able to pay. *Id.*

In this case, Petitioner does not allege that the state conditioned appointment of counsel upon reimbursement of attorney's fees. *See Hanson v. Passer*, 13 F.3d 275, 280 (8th Cir. 1993) (holding that a state court may not precondition a defendant's right to the assistance of counsel upon payment of a sum of money). Thus, the petitioner was not threatened with deprivation of counsel because of his financial status. Further, Michigan Court Rule 6.005(C) clearly conditions the imposition of a reimbursement obligation upon a defendant's ability to pay. Thus, the Court finds that the order of reimbursement complies with the dictates of *Fuller* and Petitioner, therefore, is not entitled to habeas corpus relief with respect to this claim.

### V. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)

(citation omitted). In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted. Therefore, the Court will deny a certificate of appealability.

## VI. Conclusion

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

                                                 s/John Corbett O'Meara
                                                 United States District Judge

Date: May 31, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, May 31, 2011, using the ECF system and upon Petitioner at Gus Harrison Correctional Facility by first-class U.S. mail.

                                               s/William Barkholz
                                               Case Manager